[No. 5865. Decided January 3, 1906.]

FRANK M. CALDWELL, *Respondent, v.* HARRY HURLEY,
*Appellant.*[1]

BILLS AND NOTES — INDORSEES BEFORE DELIVERY AS CO-SURETIES.
Stockholders of a corporation who indorse the company's note before
delivery for the purpose of enabling the company to borrow money
for use in its business, are *prima facie* joint makers who are in fact
co-sureties.

SAME—PAYMENT BY ONE CO-SURETY—CONTRIBUTION. An action for
contribution lies between endorsers before delivery who sign a
promissory note as *prima facie* makers and in fact as co-sureties of
the principal maker.

LIMITATION OF ACTIONS—CONTRIBUTION OF CO-SURETY—IMPLIED LIA-
BILITY—WRITTEN AGREEMENT. An action for contribution between
co-sureties upon a promissory note is upon an implied liability arising
out of an express contract, and is controlled by Bal. Code, § 4798,
prescribing a limitation of six years for the commencement thereof.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered July 6, 1905, upon findings in

1Reported in 83 Pac. 318.

favor of the plaintiff, after a trial on the merits before the court without a jury, in an action against a surety for contribution. Affirmed.

*T. L. Stiles,* for appellant.

*Fitch & Harris* and *Shackleford & Hayden,* for respondent.

CROW, J.—This action was commenced by respondent, Frank M. Caldwell, against appellant, Harry Hurley, for contribution as co-surety on a promissory note. From a final judgment in favor of said Caldwell, this appeal has been taken.

Appellant demurred to the amended complaint, for the reasons, (1) that it did not state facts sufficient to constitute a cause of action, and (2) that the action was not commenced within the time limited by law. This demurrer being overruled, appellant answered, denying allegations of the amended complaint, and affirmatively pleading the statute of limitations. Upon the trial the court made findings of fact as follows:

"(1)   That on the 23d day of January, 1896, at Tacoma, Wash., the Northwestern Supply Company, a corporation duly organized and existing under the laws of the state of Washington, as principal, made and delivered to the Pacific National Bank its promissory note in writing, bearing date on that day, in the words and figures following, to wit:

" '$2,000.00          Tacoma, Wash., January 23, 1896.

" '90 days after date without grace for value received we promise to pay to the order of The Pacific National Bank of Tacoma, two thousand dollars with interest from date at the rate of 10 per cent per annum until maturity, principal and interest payable in U. S. gold coin at The Pacific National Bank, Tacoma, Washington. And in case this note shall be placed in an attorney's hands for collection we agree to pay five per cent upon the amount then due, as attorneys fees, if paid before suit is commenced; if not paid until suit is commenced we agree to pay as attorney's fees ten per cent upon the amount then due, and that the judgment shall include such fees. This note shall bear interest at the rate of twelve per cent per annum after maturity.

" 'No. 16742. Northwestern Supply Co., F. M. Caldwell, Pres.'

"(2) That at the date of said note said Frank M. Caldwell was the president of said Northwestern Supply Company, and the owner of one-half of the stock thereof, and said Harry Hurley was the owner of the other half of said stock. (3) That the consideration of said note was the loan of two thousand dollars by said Pacific National Bank to said Northwestern Supply Company, which sum was received by said company and was used by it in its business; that said Northwestern Supply Company was the principal in said note, and said Caldwell and Hurley were sureties for said principal. (4) That said Pacific National Bank was not willing to loan said money or accept said note without security additional to the signature of said Northwestern Supply Company, and thereupon, to furnish such additional security, said Caldwell and Hurley, before the delivery of said note to said bank, wrote their names on the back of said note thus:

'F. M. Caldwell.
Harry Hurley.'

And that both of said names were written on the back of said note at the same time. (5) That on the 29th day of October, 1897, there being a balance of one thousand and forty dollars and twenty-three cents ($1,040.23) due and unpaid upon said note, the said Frank M. Caldwell being threatened with suit thereon by said Pacific National Bank, did on the 29th day of October, 1897, pay to said bank the sum of one thousand forty dollars and twenty-three cents ($1,040.23), the balance due on said note, and said note was thereupon surrendered to said Frank M. Caldwell by said bank. (6) That after the payment of the balance due upon said note by said plaintiff the said defendant departed from and resided out of the state of Washington for a period of two years, ten months and two weeks prior to the commencement of this action, so that on December 29th, 1904, the time of the commencement of the action, the statutory limitation applicable to causes of action on implied liabilities arising out of written agreements had not run. (7) That this action was commenced on the 29th day of December, 1904. (8) That between the 13th day of October, 1904, and the 29th day of December, 1904, the plaintiff demanded payment of one-half

of the sum paid by him upon said note, to wit, five hundred twenty dollars and eleven cents ($520.11) with interest thereon from October 29th, 1897, of the defendant, but defendant refused to pay said sum or any other sum on account thereof, and has not paid the same."

Upon said findings of fact the trial court made conclusions of law, as follows:

"(1)    That by writing their respective names on the back of said note the plaintiff Frank M. Caldwell and the defendant Harry Hurley entered into an agreement in writing whereby they became co-sureties of said Northwestern Supply Company.    (2) That the liability existing between said Caldwell and said Hurley by reason of their writing their names on the back of said note was an implied liability arising out of the written agreement and upon the payment by said Caldwell of the balance due upon said note said Hurley, defendant, became legally bound to contribute and pay to the plaintiff the sum of five hundred twenty dollars and eleven cents ($520.11) being one-half of the sum paid by said plaintiff.    (3) That this action is not barred by the statute of limitations.    (4) That the plaintiff, Frank M. Caldwell, is entitled to a judgment of this court that there is due and owing him from said defendant, Harry Hurley, the sum of five hundred twenty dollars and eleven cents ($520.11) together with interest thereon at the rate of six per cent per annum from the said 29th day of October, 1897, and for his costs and disbursements herein all in conformity to the prayer of plaintiff's complaint."

Appellant has taken no exceptions to the findings of fact; but having excepted to each and all of the conclusions of law and the final judgment, now presents the following assignments of error:    (1) Error in overruling the demurrer; (2) error in the conclusions of law; (3) error in rendering judgment for respondent; and (4) error in refusing to render judgment for appellant dismissing the action.

As the allegations of the amended complaint substantially covered all facts found by the trial court, it will not be necessary to pass upon the first assignment of error, all points raised by the demurrer being involved in deciding whether

the judgment is sustained by the facts so found. Appellant in his brief has discussed two propositions, (1) that he is not liable to contribution, being an accommodation indorser only; (2) that this action is barred by the statute of limitations.

In support of his first contention, appellant insists he was not a co-surety with respondent, but an accommodation indorser only, and that, under the greater weight of authority, accommodation indorsers of negotiable instruments, in the absence of an express agreement between themselves, are not liable for contribution. The facts found show said note to have been executed by a corporation in which appellant and respondent each owned one-half of the capital stock; that the money borrowed was used in the business of said corporation and for its benefit; that appellant and respondent wrote their names on the back of said note at the same time and before its delivery to the payee, for the purpose of giving additional security to the payee. The note was executed prior to the enactment of the negotiable instruments act, Laws 1899, p. 340 et seq. Under the law of this state, as announced prior to the date of said note, appellant and respondent, under the facts found, were prima facie joint makers. Donohoe-Kelly Bank. Co. v. Puget Sound Sav. Bank, 13 Wash. 407, 43 Pac. 359, 942, 52 Am. St. 57. The trial court found appellant and respondent to have been co-sureties for the said Northwestern Supply Company. Hence, for the purposes of this case, they occupy the position of prima facie joint makers, who are in fact co-sureties. This being true, they were liable to each other for contribution. Daniel, Negotiable Instruments (5th ed.), § 1340; Brandt, Suretyship and Guaranty (2d ed.), § 254.

Appellant's second and principal contention is that this action is barred by the statute of limitations. The statute began to run on October 29, 1897, the date of payment by respondent. After deducting all time appellant was absent from the state, a period of four years, three months, and

sixteen days had elapsed after said payment, at the date of the commencement of this action. If either the three-year or the two-year statute (Bal. Code, §§ 4800, 4801), applies, as contended by appellant, the action is barred. If the six-year statute (Bal. Code, § 4798) applies, as contended by respondent, it is not barred.

Subdivision 2 of said § 4798, reads as follows: "An action upon a contract in writing, or liability express or implied arising out of a written agreement." It seems to be conceded that this is not an action upon a contract in writing; but respondent contends, and the trial court held, that it is an action on an implied liability arising out of a written agreement. This contention is most strenuously resisted by appellant who, in argument, insists that the liability of a co-surety for contribution is not contractual in its nature, but is only an implied equitable liability resting on one man to do what is right by another. There is no doubt but that the doctrine of contribution between co-sureties was originally recognized and enforced in courts of equity only, being based upon the principle that equality is equity. But many modern authorities now hold said liability to be contractual in its nature, and that it arises *ex contractu.*

"The right to contribution has its foundation in, and is controlled by, principles of equity and natural justice and does not arise from contract; but, although the doctrine so originated, it is now almost universally enforced in courts of law on the theory of an implied contract of contribution existing between parties jointly liable *ex contractu.*" 9 Cyc. 794, and cases cited.

Said subdivision 2 of § 4798, Bal. Code, differs from the statutes of limitation of most, if not all, the other states. In fact, after a painstaking research, we have found no similar statute. The peculiar feature of our statute is that an *implied liability* arising out of a written instrument is included in the same clause with an *express liability* arising out of a written contract. The legislature evidently thereby intended

that a certain class of actions should be included within the terms of said section which had not in other states been associated or connected with actions on written instruments or actions founded upon written agreements. The liability for contribution of appellant and respondent is an implied liability which arose by reason of their becoming co-sureties on the note. If they had not entered into the written contract which resulted from their signing their names on the back of the note, at the time, under the circumstances, and for the purpose, found by the court, there would be no liability. This liability now exists, is contractual in its nature, and is the direct result of that written agreement by which respondent was compelled to make the payment for which he now seeks contribution. The allegations of the amended complaint, and the facts found by the court, show a cause of action in favor of respondent on account of an implied liability arising out of a written agreement. To place any other construction on our statute would be to hold that the words contained in the last clause of said subdivision 2 were placed there without purpose or meaning.

Appellant, in support of his contention that the six-year statute does not apply, has cited authorities from numerous states, including California, Ohio, and Illinois; but said authorities afford us no assistance, as the statutes upon which they are based are entirely unlike our own in the particular above mentioned. We think the trial court placed the proper construction on said subdivision 2 of § 4798, *supra,* and such construction necessarily leads to the conclusion that this action has been commenced within the time limited by law.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, HADLEY, RUDKIN, and ROOT, JJ., concur.