ALICE G. FLEMING, Trustee,

v.

HENRY C. ROSS.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. PARTNERSHIP—*section 3 of act relating to joint obligations does not apply to partnerships.* Section 3 of the act relating to joint rights and obligations, and providing that all joint obligations and covenants shall be taken and held to be joint and several, does not apply to the notes or obligations of partnerships. (*Sherburne v. Hyde,* 185 Ill. 580, followed.)

2. SAME—*recovery of a judgment against one partner on joint note bars a suit against the others.* The recovery of a judgment against one partner upon a partnership obligation bars a subsequent suit against the others, notwithstanding they were non-residents of the State and beyond the jurisdiction of the court at the time the former suit was brought.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

Appellant brought an action in assumpsit December 2, 1901, against Henry C. Ross, Alexander H. Seelye and D. Flanner, obtaining service on Ross only. The declaration alleged that the three defendants, by the name of Flanner, Seelye & Ross, executed two promissory notes on December 27, 1890, at Wausau, Wisconsin, payable to the order of P. B. Champagne, each for the sum of $4332.33, due, respectively, one and two years after date. Ross pleaded to the declaration that this was a partnership and not an individual indebtedness, and that the plaintiff had sued one defendant, Alexander H. Seelye, in the circuit court of Cook county, at the October .term, 1895, on these notes and obtained a judgment thereon in full, which judgment then remained in full force and effect, as the defendant was ready to verify by the record. To this plea appellant replied that defendants Ross and Flanner, during all of said action,

were not residents or inhabitants of or domiciled in the State of Illinois; that Ross was then a resident and domiciled in the State of California. A general demurrer was filed to this replication. In January, 1905, jury was waived and the cause submitted to the court. The court sustained the general demurrer, and held that the plea filed by Ross constituted a bar to the recovery. Plaintiff elected to stand by her replication and judgment was given for defendant. The Appellate Court, upon appeal, affirmed the judgment of the lower court. Appeal was then prosecuted to this court.

MOSES, ROSENTHAL & KENNEDY, for appellant.

ARTHUR HUMPHREY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The sole question presented in this case is, what is the effect, as to the other co-partners, of the recovery of a judgment in this State against one member of a co-partnership in an action brought against him alone, at a time when his co-partners were non-residents of the State and were without the jurisdiction of the court? Is the recovery of such a judgment a merger of the cause of action upon the partnership obligation and a bar to any further action thereon against the other partners?

This court has passed on this question several times in previous decisions, but it is earnestly insisted that in most of these cases the point was not necessary for the decision of the case, and a most careful review of these cases has been presented by counsel to demonstrate this fact. It is admitted that in some of the cases the point was squarely before the court, but it is argued that the great weight of authority in other jurisdictions is so strongly against the rule laid down in this State, that this court should reconsider and modify those decisions so far as they apply to the point in question.

The rule is well settled that by the common law a judgment on a joint obligation against one or more joint obligors is a bar to an action against any other joint obligor or obligors, or against all the obligors jointly. This rule involves not only the doctrine of *res judicata,* but also that of merger. "The judgment being a higher order of security than the simple obligation, the entire cause of action is merged in the judgment." (24 Am. & Eng. Ency. of Law,—2d ed.— p. 760, and cases there cited; see, also, *Jansen* v. *Grimshaw,* 125 Ill. 468, and cases cited.) In 1845 a law was enacted holding that all joint obligations and covenants should be taken and held as joint and several obligations and covenants. (Hurd's Stat. 1905, chap. 76, sec. 3, p. 1253.) In the same year another law was enacted providing that if a summons or *capias* is served on one or more but not on all of the defendants, the plaintiff may proceed to trial and judgment against the defendant or defendants on whom the process is served, and the plaintiff may at any time afterwards have a summons in the nature of a *scire facias* against the defendant not served, to cause him to appear in said court and show cause why he should not be made a party to the judgment, whereupon such defendant may present the same defense as he might have done at the original hearing. (Hurd's Stat. 1905, chap. 110, sec. 9, p. 1532.) In December, 1845, this court, without referring in any way to these two acts, held in the case of *Wann* v. *McNulty,* 2 Gilm. 355, that a judgment against one member of a firm for a debt due from the firm constituted a bar to a recovery against the other members. In 1854, in the case of *Thompson* v. *Emmert,* 15 Ill. 415, it was again decided that if a judgment was obtained against one partner a second action could not be maintained against another partner. (See, also, *Moore* v. *Rogers,* 19 Ill. 347; *Mitchell* v. *Brewster,* 28 id. 163; *People* v. *Harrison,* 82 id. 84; *Schott* v. *Youree,* 142 id. 233; Freeman on Judgments,—4th ed.—secs. 231-234, inclusive; 1 Chitty's Pl.—14th Am. ed.—*42, 43.) In *San-*

*dusky* v. *Sidwell,* 173 Ill. 493, it was held that neither said section 3 of chapter 76 nor said section 9 of chapter 110 applied to partnerships. This was afterwards modified in *Sherburne* v. *Hyde,* 185 Ill. 580, to the effect that said section 9 did apply to partnership contracts and obligations, but this court again re-affirmed its former holding that said section 3 had no reference to partnerships. It is doubtless true, as urged by appellant, that in *Coates* v. *Preston,* 105 Ill. 470, the point now under consideration was not essential to the decision, and what was there said might not by itself be considered binding; but in *Sherburne* v. *Hyde, supra,* that case was considered, among others, in reaching a conclusion on the point in question, and we again sanctioned the doctrine which counsel now claim was dictum.

We cannot agree with appellant that there is anything in *Finch* v. *Galigher,* 181 Ill. 625, which tends to uphold her contention. On the contrary, we think the doctrine laid down in *Sherburne* v. *Hyde, supra,* is there plainly recognized.

Counsel, in their briefs, admit that if joint debtors of a co-partnership who are really residents of the State at the time of the action, even though temporarily without the jurisdiction of the court, were not made parties defendant and judgment was obtained against one partner for the debt, such judgment could be pleaded in bar; but they insist that this should not be the construction when the partners who are not made parties defendant are actually not residents of the State and not subject to the jurisdiction of the court. We cannot see how they can place such a construction upon the statute. Certainly the case of *Finch* v. *Galigher, supra,* in all its reasoning leads to the contrary conclusion.

Appellant relies upon and cites the American and English Encyclopedia of Law (vol. 24,—2d ed.—p. 760,) as holding that it has been recognized that where obligors are not residents of the same State or within the process of any court where the suit could be brought, the holder of the obligation should not be deemed to have waived his claim

or remedy against any joint obligor by reason of a separate suit against another joint obligor. Immediately thereafter, on page 761, this same authority lays down the rule that where a judgment is recovered against one of two or more partners upon a partnership obligation, such a judgment is a bar to a subsequent suit against the other partner or partners, or against all of them jointly, citing in support of this statement *Wann* v. *McNulty, supra,* and *Thompson* v. *Emmert, supra.* We have examined carefully the numerous authorities cited from other jurisdictions on the question in the exhaustive brief of counsel, but do not deem it necessary to discuss them in detail. It is sufficient to say that they can not be considered even persuasive when the question has been squarely decided by this court.

The argument that the sections of the statute referred to as construed by this court are unjust and inequitable is a question for the legislature, and not for the courts. However unfortunate to appellant it may be that, having recovered judgment against one partner only, this judgment must be held to constitute a bar to all actions against the other partners, that is in accordance with the holding of this court since 1845. "After repeated decisions on the same point by this court the maxim *stare decisis* should prevail, it being for the best interests of society that there should be some permanency in judicial decisions so that the law may be known, and when known, pursued and obeyed. It should be a shield and a guide, and not a snare, for those who may come within its operation." *Hopkins* v. *McCann,* 19 Ill. 113.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*