[No. 9286. Department One. April 11, 1911.]

## C. W. BROWNFIELD, *Respondent*, v. HENRY A. HOLLAND et al., *Appellants*.[1]

EXECUTORS AND ADMINISTRATORS—ACTIONS—JOINDER OF PARTIES—LANDLORD AND TENANT—SURVIVORSHIP—LIABILITY FOR RENT—JOINT OBLIGATIONS. An action for rent may be maintained against the executors of a deceased joint tenant, without showing the insolvency of the survivor, as required at common law, in view of the statute abolishing the doctrine of survivorship between joint tenants, and the reform procedure of the code providing a single form of action, to be prosecuted by and against the real parties in interest, or their executors or administrators in case of actions on contract, and prescribing the form of judgments and the relief to be granted in actions against joint debtors, etc.

LANDLORD AND TENANT—LIABILITY FOR RENT—LEASE—VALIDITY—TERMINATION—BURDEN OF PROOF. Where the pleadings admit that the lessees went into possession under a lease with rent payable monthly, and commenced to pay rent, the burden is upon them to show a termination of the lease prior to the purported term, and they are liable for the rent during the period of their occupancy, as tenants from month to month, regardless of whether the lease was acknowledged or whether it was signed by the wives of the lessors.

EXECUTORS AND ADMINISTRATORS—ACTIONS—CLAIMS—TITLE OF CLAIM. An objection that a claim against an estate was not properly entitled and was insufficient to support an action, is of no avail where the title was not misleading, the verification conformed to the statute, and the claim was rejected.

JUDGMENTS—FORM—JOINT DEBTORS—PARTY NOT SERVED. Error cannot be urged in that a judgment for rent in an action against joint tenants was not entered against one of the joint debtors, nor against the defendants jointly indebted as far as it may be enforced against the joint property of all, as provided by Rem. & Bal. Code, § 236, where such joint debtor was not served and did not appear, the lease recited that he was a nonresident, and there was no evidence that the defendants had any joint property in this state.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered February 21, 1910, upon findings in favor of the plaintiff, after a trial on the merits be-

[1]Reported in 114 Pac. 890.

fore the court without a jury, in an action on contract. Affirmed.

*Robertson & Miller, Cohn, Rosenhaupt & Blake,* and *W. E. Southard,* for appellants.

*Burcham & Blair* and *D. W. Bailey,* for respondent.

GOSE, J.—On the 7th day of June, 1905, the plaintiff leased certain business property in the city of Pendleton, Oregon, to S. J. Holland and J. F. O'Meara, for the period of five years, beginning on the 10th day of June, 1905, and ending on the 10th day of June, 1910. The tenants, Holland and O'Meara, by the terms of the lease, expressly agreed to take possession of the property on the 10th day of June, 1905, and to "pay as rental therefor the sum of $105 per month in advance on the 1st day of each and every month during the period of five years." The lease was not acknowledged. The pleadings admit that the tenants entered into the possession of the premises under the lease and made payments of rent; admit that on the 24th day of August, 1907, S. J. Holland died testate; that at the time of his death he was a resident of Spokane; that the defendants Holland were appointed and are acting as executors of his estate; and this his estate consists of property real and personal in Spokane county. The purpose of the action is to recover a judgment against the executors for rent accruing after the death of the testator.

The complaint alleges, and the answer denies, the presentation of the claim. The case was tried to the court, and it found that the lease was made as alleged in the complaint, that the tenants entered into the possession of the leased premises under the lease, made payments of rent thereunder, "and at all times since have been, and now are, in possession of the said premises under the terms of the said lease." The court further found that the claim was presented to the executors, and by them rejected. A judgment was entered

against the executors for the amount of the unpaid rent, as alleged in the complaint. The executors have appealed. A demurrer was interposed to the complaint and overruled.

The several contentions of the appellants may be epitomized as follows: (1) That upon the death of one of two joint debtors, the right of action is against the survivor only; (2) that the primary liability is upon the survivor, and that the respondent should have alleged and proven his insolvency as a condition precedent to a right of action against the personal representatives of the deceased; (3) that an executor cannot be joined with the co-obligor of his testator in a suit for rent which accrued after the death of the latter; (4) that there can be no recovery because the lease is not acknowledged and was not signed by the wives of the parties; (5) that the claim was not properly presented to the executors; and (6) that the judgment should have been entered against both the executors and O'Meara.

In its final analysis, the first two contentions rest upon the theory that the common law as to joint contracts obtains in this state. At common law the death of a joint debtor terminated his liability, and whilst no action at law could be brought against his estate, a recovery could be had in equity upon a showing that the survivor was insolvent. In *Potts v. Dounce*, 173 N. Y. 335, 66 N. E. 4, and kindred cases, it was held that the statute gave a right of action at law, but that the insolvency of the survivors must be alleged and proven. The court said:

"To hold otherwise would be to lose sight of an essential distinction between the engagement of a joint debtor and that of a joint and several debtor."

The common law rule was based upon the ground that a judgment could not be rendered against the survivor and the personal representatives of the deceased because one was to be charged *de bonis propriis* and the other *de bonis testatoris*. The strict rules of the common law, as applied to joint debtors

and joint tenancy, are no longer controlling in this jurisdiction. The reasons for the rule have been abrogated by statute, and the rule ceases when the reason has ceased to exist. The doctrine of survivorship between joint tenants has been abolished. Rem. & Bal. Code, § 1344. Actions are prosecuted in this state by and against the real parties in interest, and all persons interested in the cause of action or necessary to the complete determination of the questions involved must be joined as plaintiffs or made defendants, accordingly as their interests appear. Rem. & Bal. Code, §§179, 189. We have but one form of action for the enforcement of, or the protection of, private rights and the redress of private wrongs, and it is known as a civil action. Rem. & Bal. Code, § 153. Actions for the recovery of, or for the possession of, property, and all actions resting upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates. Rem. & Bal. Code, § 1535. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when justice requires it, determine the ultimate rights of the parties on each side, as between themselves. Rem. & Bal. Code, §§ 406, 407. If the action is against joint debtors, a judgment may be entered against the defendants served, unless the court otherwise directs, and it may be made enforceable against the joint property of all the defendants. Rem. & Bal. Code, § 236, subd. 1. The intention of the law makers is the law, and the office of construction is to discover that intention and make it effective. If the reform procedure accomplished its purpose, it is obvious that the statutes to which we have referred render the common law rules invoked on the first two contentions inapplicable to our procedure. Nor are we without precedents to direct us to this conclusion. In *Donnerburg v. Oppenheimer*, 15 Wash. 290, 46 Pac. 254, it was held that, where the surety dies and the principal survives, the surety's estate is not dis-

charged. In *Megrath v. Gilmore*, 15 Wash. 558, 46 Pac. 1032, it was held that the liability of a joint debtor survives his death and is enforceable against his estate. In *Spokane v. Costello*, 57 Wash. 183, 106 Pac. 764, we held that the administrator may be joined with the co-obligor of his intestate in a suit upon a bond executed by the intestate and his surety. In Bliss on Code Pleading (3d ed.), § 106, the author says that, whether the personal representatives of a deceased joint obligor can be united as defendant with the survivor should depend upon the law of liability. In the foot note to this section it is said, that the code substitutes a direct proceeding for the "awkwardness and indirection of the old." After discussing the provisions of the code where the reform procedure has been adopted, Pomeroy, in his work on Code Remedies (3d ed.), § 304, thus announces his conclusion:

"It is simply a palpable violation of these positive provisions to say that a creditor shall not maintain a legal action against the personal representatives of a deceased joint debtor, but shall be driven to an equitable suit, and that only in a certain contingency; it is a useless sacrifice to the merest form."

See, also, *Bostwick v. McEvoy*, 62 Cal. 496; *Braxton v. State*, 25 Ind. 82; *Fisher v. Hopkins*, 4 Wyo. 379, 34 Pac. 899, 62 Am. St. 38; *Burgoyne v. Ohio Life Ins. & Trust Co.*, 5 Ohio St. 586.

In the case last cited, in speaking of a statute substantially the same as our statute, the court said:

"This statute effected an entire abrogation of the common law principles to which allusion has been made; and left the estate of the deceased joint debtor liable to every *legal* remedy, as fully as though the contract had been joint and several."

The executors are liable for the breach of the covenant of the testator to pay rent whether the rent accrued before or after the testator's death. *Greenleaf v. Allen*, 127 Mass. 248.

The fourth contention is that there can be no recovery be-

cause the lease is not acknowledged, and because it was not signed by the wives of the parties. Where the husband executes a lease of community property for a term of years without his wife joining in the lease, and where an unacknowledged lease purports to continue for a longer period than one year, the lessee becomes a tenant from month to month or from period to period on which rent is payable, terminable by giving the applicable statutory notice. *Ryan v. Lambert*, 49 Wash. 649, 96 Pac. 232; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322.

The pleadings admit that the lessees went into the possession of the leased premises and commenced to pay rent. It was neither pleaded nor proven that the lease had been terminated. The burden of showing a termination under the issue was upon the appellants. Nor does the record show that the respondent is a married man. We find no evidence to support the finding that the lessees continued in possession. We think, however, that such is the legal presumption from the admissions in the pleadings. A tenant cannot enter and hold under an unacknowledged lease, without assuming the burden of paying the stipulated rent during the period of his occupancy.

The fifth objection is that the claim presented to the executors was not properly entitled. The title to the claim is: "To the estate of S. J. Holland and James O'Meara . . . debtor to C. W. Brownfield." The title is not misleading, the verification conforms to the statute, and the claim was rejected. The assignment is without merit.

The sixth and last contention is that the judgment was entered against the executors only, and not against O'Meara. It is conceded that O'Meara was not served with process, and he did not appear in the action. Our statute, Rem. & Bal. Code, § 236, authorizes a judgment in such cases "against all the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served." The respond-

ent might have taken this form of a judgment. There is no evidence, however, that the defendants have any joint property in this state. The lease recites that O'Meara is a resident of the state of Oregon. Aside from this recital, there is nothing in the record to indicate whether he was within or without the jurisdiction of the court. If he was within the jurisdiction of the court, the appellants could have served a cross-complaint upon him and had the rights adjusted as between themselves. Rem. & Bal. Code, §§ 406, 407.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.