[No. 18466. Department Two. May 1, 1924.]

T. M. WARREN, *Appellant*, v. D. J. RICKLES *et al.,* *Respondents*, I. N. KEMPF, *Defendant*.[1]

LIMITATION OF ACTIONS (15, 16)—WRITTEN CONTRACTS—NATURE AND EXTENT OF. A bill of lading entered into by one partner for the benefit of the partnership is a contract in writing as to all the partners and subject to the six-year statute of limitations, Rem. Comp. Stat., § 157.

JUDGMENT (198½)—PERSONS CONCLUDED—JOINT CONTRACTORS. Judgment on a contract against one partner, being upon a joint and not a joint and several obligation, is a bar to any action on the same claim against the partners who were not parties to the suit; since the claim is merged in and extinguished by the judgment.

PARTNERSHIP (44-1)—LIABILITIES—NATURE AND EXTENT OF—JOINT AND SEVERAL. Under Rem. Comp. Stat., § 143, adopting the common law so far as not inconsistent with the Federal and state constitutions and laws, the liability of partners is joint and not joint and several; and Id., § 9967, relating to limited partnerships does not change the rule, although it makes limited partners "jointly and severally liable as general partners now are by law."

JUDGMENT (196)—MERGER AND BAR—PARTIES CONCLUDED—JOINT LIABILITY—PARTNERS. Rem. Comp. Stat., § 236, providing that, in an action against two or more defendants jointly indebted on a contract, the plaintiff may proceed against the defendant served and take judgment against all jointly indebted so far as it may be enforced against the joint property of all, does not change the common law rule that judgment against one jointly liable merges the claim and is a bar to any subsequent action against the other joint debtors, where the suit was brought against one only.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Gilbert, J., entered August 3, 1923, upon findings in favor of the defendants, dismissing an action on contract, tried to the court. Affirmed.

*Douglas T. Ballinger,* for appellant.

*Robbins & Rickles,* for respondent.

[1] Reported in 225 Pac. 422.

BRIDGES, J.—In August, 1918, the defendants, D. J. Rickles, L. M. Kempf and Earl McVicar, were copartners, dealing in junk. During that month they sent the defendant Kempf to Alaska for the purpose of purchasing junk for the copartnership. In October, 1918, he had accumulated a considerable amount at St. Michael, in the territory of Alaska, and made arrangements with a steamship company to deliver it to Seattle for a certain compensation. There was issued to Kempf the usual written bill of lading, delivery to Kempf himself at Seattle. When the property reached Seattle, the partners obtained possession of the junk without having paid the freight. This bill of lading is dated August 29, 1918. Thereafter and on the third day of January, 1919, the steamship company brought suit in the superior court of King county against the defendant Kempf only, seeking to recover judgment against him for the amount of the freight charges. After trial, judgment was given according to the prayer of the complaint. After the steamship company obtained its judgment, and before the commencement of this suit, it assigned its claim, but not its judgment, to the plaintiff herein. No part of the judgment has ever been paid. This action against the three partners was instituted in February, 1923, and seeks judgment for the identical services alleged in the previous action against Kempf. The defendants, other than Kempf, plead the former action as a bar. The trial court sustained the plea and dismissed the action. The case is here on the findings made by the court, the conclusions and the judgment of dismissal. The testimony is not before us.

Because more than three and less than six years expired between the performance of the services by the steamship company and the institution of this suit,

it is claimed that the action is barred by the statute of limitations. Section 159, Rem. Comp. Stat. [P. C. § 8166], provides that "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," must be instituted within three years, while § 157, Rem. Comp. Stat. [P. C. § 8162], provides that "an action upon a contract in writing, or liability express or implied arising out of a written agreement," must be commenced within six years. That Kempf's liability arose directly out of a written contract is certain, for in the case of *Oregon-Wash. R. & Nav. Co. v. Seattle Grain Co.,* 106 Wash. 1, 178 Pac. 648, we held that since—

"the bill of lading is a contract, it is, of course, a contract in writing, and any action upon the contract, or any action upon a liability, express or implied, arising out of the contract, is within the statute if commenced within six years from the time the cause of action accrued. . . ."

The respondents argue that, although they were partners with Kempf and were liable for the partnership debts, including that to the steamship company, their liability was one implied by law only; that their liability is one implied by law and does not arise out of a written contract. We cannot accept this view as being sound. Although Kempf made the written contract in his own name, he made it for the benefit of the partnership, consequently the liability of the individual partners grew out of the written contract.

In *Caldwell v. Hurley,* 41 Wash. 296, 83 Pac. 318, we held that an action for contribution between cosureties on a note was upon an implied liability arising out of a written agreement. Speaking of the statute which we have quoted, we said:

"The peculiar feature of our statute is that an *implied liability* arising out of a written instrument is included in the same clause with an *express liability* arising out of a written contract. . . . The liability for contribution of appellant and respondent is an implied liability which arose by reason of their becoming co-sureties on the note. If they had not entered into the written contract which resulted from their signing their names on the back of the note, at the time, under the circumstances, and for the purpose, found by the court, there would be no liability. This liability now exists, is contractual in its nature, and is the direct result of that written agreement by which respondent was compelled to make the payment for which he now seeks contribution."

The conclusion reached by us in that case was approved in *Lindblom v. Johnston,* 92 Wash. 171, 158 Pac. 972.

The principle involved in the two cases just cited supports the view that the liability here has its sources in, and rises out of, the written bill of lading.

But a more difficult question is presented by the respondent's contention that the former action, wherein judgment was obtained against Kempf, is a bar to this action.

It is a very generally accepted rule of law that, where an obligation is joint and not joint and several, a judgment rendered on such obligation against one or more, but less than the whole number of obligors, is a bar to any action on the same claim against the obligors not parties to the judgment, because the claim is merged in the judgment and is extinguished thereby. In 23 Cyc. 1208, the rule is stated as follows:

"Where a contract or obligation which is the subject of an action is a joint contract or obligation, a recovery against one of the joint contractors merges the entire cause of action, and bars any subsequent suit

on the same obligation against any of the other debtors, or against all jointly; and conversely a judgment against all the joint contractors bars a subsequent suit against any one of them separately.''

See, also, 20 R. C. L. 945; *Ryckman v. Manerud,* 68 Ore. 350, 136 Pac. 826, Ann. Cas. 1915C 522, and note; *Fleming v. Ross,* 225 Ill. 149, 80 N. E. 92, 9 A. & E. Annot. Cas. 314 and extensive note.

This rule of law, however, is not applicable where the liability is not only joint but joint and several. If the liability here is joint only and we have no statute changing the common law rule as expressed by the authorities cited, then the judgment previously taken against Kempf must be considered as a bar to this action. The first question, then, is, what is the nature of a partnership liability.

Section 143, Rem. Comp. Stat. [P. C. § 8252], provides that ''the common law, so far as it is not inconsistent with the constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state.'' The appellant admits there is no question but that at common law the liability of partners was joint and not joint and several. Consequently, their liability in this state must be joint only unless we have some statute to the contrary, or this court has held the common law rule to be incompatible with the spirit of our institutions. We have not been cited to, nor have we found, any decision from this court which decides this question. In the absence of aiding statutes, courts generally throughout the country have followed the common law rule. It is true appellant cites *Empire State Surety Co. v. Ballou,* 66 Wash. 76, 118 Pac. 923; *Brownfield v. Holland,* 63 Wash. 86, 114

Pac. 890, and *Nolan v. McNamee*, 82 Wash. 585, 144 Pac. 904, as modifying the common law doctrine of partnership liability. A careful reading of these cases convinces us that they are not in point on that question. They do touch another point which we will later mention. We must therefore hold that we have no judicial decisions in this state holding that the common law rule on partnership liability should not be enforced. But appellant refers to § 9967, Rem. Comp. Stat. [P. C. § 2904]. That section is a part of a legislative act with reference to limited partnerships, and reads as follows:

"A limited partnership may consist of two or more persons, who are known and called general partners, and are jointly and severally liable as general partners now are by law, and of two or more persons who shall contribute to the common stock a specific sum in actual money as capital, and are known and called special partners, and are not personally liable for any debts of the partnership, except as in this chapter specially provided."

Particular attention is called to that part of the section which provides that partners in a limited partnership are "jointly and severally liable as general partners now are by law." This section does not pretend to affirmatively fix or determine the liability of general partners. The most that can be said of it is that it implies an erroneous idea as to the liability of general partners under the common law. We would not be justified in holding that this section sets aside a fundamental rule of law and announces another in its stead. The statutes of several states have expressly changed the common law rule of liability by providing that all contracts which were joint at common law shall be considered joint and several. We do not have any such.

The result of our consideration of this question is that the common law rule of liability of partners, to wit, that it is joint and not joint and several, is the law of this state and must remain so until the legislature shall announce to the contrary.

The next question is, have we any statute which modifies or changes the rule that a judgment against one jointly liable merges the claim and is a bar to any subsequent action against the other joint debtors.

It is contended that § 236, Rem. Comp. Stat. [P. C. § 8449], commonly known as the joint debtor act, has changed the rule in this respect. That section is as follows:

"Service on Joint Defendants.

"When the action is against two or more defendants and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows:—

"1. If the action is against the defendants jointly indebted upon a contract, he may proceed against the defendants served unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served;

"2. If the action is against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants;

"3. Though all the defendants have been served with summons, judgment may be taken against any of them, severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them alone."

Under the old rule persons jointly liable had to be sued jointly and but one judgment could be taken against them, and when that judgment was entered it was a bar to any subsequent judgment. The liability

being joint, the action and judgment must be of the same nature. As was said by Mr. Justice Field, in the case of *Mason v. Eldred,* 73 U. S. 231, 18 L. Ed. 783:

"Therefore, it is that in suits upon these transactions all copartners must be brought in . . . and if not brought in, the omission may be pleaded in abatement. . . . They [partners] cannot be sued separately, for they have incurred no several obligation; they cannot be sued jointly with the others, because judgment has been already recovered against the latter, who would otherwise be subjected to two suits for the same cause."

It was manifestly the purpose of § 236 that, where a creditor sues all those jointly liable with him, if he is unable to bring all of them into court by service of process, he might take judgment against those who are lawfully before the court, leaving further action against the others to be later taken. In this regard the common law rule has been modified, for under that rule he could not take judgment against those served without releasing those not served. But the appellant has not brought himself under this statute. The original action and the original judgment were against one of the partners only. The others were not parties to the suit. The statute which we are now considering contemplates that all of those jointly liable shall be parties to the action, for it says: "when the action is against two or more defendants" and only part are served with process "the plaintiff may proceed as follows:". The action being thus brought, a judgment may be taken against those who have been served with process, and § 436, Rem. Comp. Stat. [P. C. § 8090], provides a way for ultimately taking judgment against those not then served. If the creditor chose to sue but one he must be satisfied with his judgment so obtained.

The case of *Brownfield v. Holland, supra,* did noth-

ing more than hold that the common law rule that the death of a joint debtor terminated his liability was not now the law here because of statutes which expressly provide that the personal representative of the deceased might be sued and would be liable as the deceased would have been. The same holding was made in the case of *Olson v. Seldovia Salmon Co.*, 89 Wash. 547, 154 Pac. 1107.

It is our opinion that, under the circumstances, the appellant cannot successfully maintain this action, and that the judgment of dismissal was right, and it is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.

PEMBERTON, J., dissents.