[No. 20151.   Department Two.   November 30, 1926.]

PETER PANOS, *Respondent*, v. CHRIS MANTHOU *et al.*, *Appellants.*[1]

[1] PARTNERSHIP (44-1, 63)—LIABILITIES—NATURE AND EXTENT—ACTIONS—INSTRUCTIONS. In an action against former partners in which one of them admits partnership liability in a certain sum and the other denies any liability of the firm, it is error to instruct that there should be recovery against the one partner in the sum he admitted and against the other in any different sum; and it is error to receive, under such an instruction, a verdict for the same sum against both partners.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 10, 1926, upon the verdict of the jury in favor of the plaintiff, in an action on contract. Reversed.

*J. Charles Dennis,* for appellants Manthou.

*Robert M. Davis,* for respondent.

MACKINTOSH, J.—The respondent sued appellant M. and defendant T., as co-partners, for wages which he claimed were due and owing him. To the complaint the defendant T. answered, admitting that the respondent was entitled to the sum of six hundred seventy dollars, the amount sued for having been seven hundred forty dollars. The appellant M. denied any liability, and the case went to the jury, which first returned a verdict for the respondent and against T., in the sum of one hundred dollars, and against M., in the sum of four hundred dollars. This verdict the court refused to receive. The jury then retired, and returned another verdict against T., in the sum of five hundred dollars, and against M., in the sum of five hundred dollars.

¹Reported in 250 Pac. 953.

This verdict was, also, not received by the court, and there was then repeated to the jury an instruction, previously given to it, in this language:

"The defendant, Andrew Tsiakilos, in his answer to plaintiff's complaint, admits that Panos was employed by the baking company between the dates mentioned, but denies that his services were of the reasonable value of $740, and alleges that the reasonable value thereof is $670. Under the admissions of Andrew Tsiakilos, it becomes your duty to return a verdict against him for at least $670, and for a larger sum, not to exceed $740, if you find from a preponderance of the evidence that he is entitled to said larger sum as the reasonable value of the work performed at the request of one or both of the partners of the baking company. This instruction means that, as to the defendant, Tsiakilos, the court cannot receive any verdict less than $670. The other verdict you are at liberty to consider further, and whatever you wish, but, as to Tsiakilos, it must be $670."

After receiving this instruction, the jury returned the third verdict in the sum of six hundred seventy dollars against T. and six hundred seventy dollars against M. Judgment having been entered upon this verdict, M. appealed.

[1] Objection is made to the foregoing instruction, and properly so, for it states a basis of recovery which is contrary to the law in this state. The liability of partners is joint, and there can be no recovery against a partnership on a partnership obligation, such as the one sued on here, in one sum against one partner and in another sum against another partner. *Warren v. Rickles,* 129 Wash. 443, 225 Pac. 422. The jury should have been instructed that it should return a verdict, if it found for the respondent, against the partners for the reasonable value of his services.

It is urged that the verdict was contrary to the evidence, and the weight of the evidence, and that an

exhibit was improperly admitted. We find no merit in these assignments, but, for the reason that the improper instruction was given, the appellant is granted a new trial.

Tolman, C. J., Askren, Parker, and Bridges, JJ., concur.