[No. 35001. Department One. April 21, 1960.]

ELLA ROBERTSON, as *Executrix, Appellant,* v. CLUB EPHRATA et al., *Respondents.*[1]

*Wilmot W. Garvin* and *Edward W. Robertson,* for appellant.

*Charles T. Schillberg* and *Moe, Collins & White,* for respondents.

[1] Reported in 351 P. (2d) 412.

PER CURIAM.—This is an appeal from an order quashing summons which purported to bring in additional defendants after entry of the judgment in question.

This cause was before this court in *Robertson v. Club Ephrata*, 48 Wn. (2d) 285, 293 P. (2d) 752. Upon the remand in that case, the trial court foreclosed the appellant's chattel mortgage.

■ The appellant has a theory that the individual members of the Club Ephrata are jointly liable on the deficiency judgment by virtue of a certain regulation promulgated by the Washington State Liquor Control Board. Accordingly, the appellant sought to invoke the provisions of RCW 4.68-.010 by serving summons upon certain of the individual members of the club who were not theretofore parties to the action. This raises the question: Does the summons confer jurisdiction over such additional parties? RCW 4.68-.010 provides:

"When a judgment is recorded against one or more of several persons jointly indebted upon an obligation by proceeding *as provided in RCW 4.28.190*, such defendants who were not originally served with the summons, and did not appear to the action, may be summoned to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons." (Italics ours.)

Obviously, this section must be read in connection with RCW 4.28.190, which provides, *inter alia*:

"When the action is against two or more defendants and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows:

"(1) If the action is against the defendants jointly indebted upon a contract, he may proceed against the defendants served unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served."

The purpose of the statutes was declared in *Warren v. Rickles*, 129 Wash. 443, 225 Pac. 422, wherein this court said:

"It was manifestly the purpose of § 236 [now RCW 4.28-

.190] that, where a creditor sues all those jointly liable with him, if he is unable to bring all of them into court by service of process, he might take judgment against those who are lawfully before the court, leaving further action against the others to be later taken. In this regard the common law rule has been modified, for under that rule he could not take judgment against those served without releasing those not served. But the appellant has not brought himself under this statute. The original action and the original judgment were against one of the partners only. The others were not parties to the suit. The statute which we are now considering contemplates that all of those jointly liable shall be parties to the action, for it says: 'when the action is against two or more defendants' and only part are served with process 'the plaintiff may proceed as follows:'. The action being thus brought, a judgment may be taken against those who have been served with process, and § 436, Rem. Comp. Stat. [P. C. § 8090] [now RCW 4.68.010], provides a way for ultimately taking judgment against those not then served. If the creditor chose to sue but one he must be satisfied with his judgment so obtained."

The statutes invoked by the appellant are not available to her because they are not applicable to strangers to the action and judgment, or, in other words, the statutes in question do not provide for bringing in additional parties after judgment. *Warren v. Rickles, supra.*

■ The appellant contends that a motion to quash was inappropriate in this case for the reason a motion to quash does not bring affirmative defenses before the court.

We agree that the court cannot pass on appellant's theory of liability on a motion to quash, but it is not necessary to do so in order to pass upon the jurisdiction of the court over the additional parties summoned who were strangers to the action. *Cf. Sowers v. Lewis,* 49 Wn. (2d) 891, 307 P. (2d) 1064.

The order quashing the summons is sustained.

June 21, 1960. Petition for rehearing denied.