[No. 20944-6-II. Division Two. September 26, 1997.]

PUBLIC SCHOOL EMPLOYEES OF WASHINGTON, *Respondent*, v. RONALD S. CROWE, ET AL., *Appellants*.

*Donald L. Anderson* and *Barry A. Johnsrud* of *Eisenhower & Carlson*, for appellants.

*Scott C. Wakefield* and *Mark R. Koenig* of *Todd & Wakefield*, for respondent.

ALEXANDER, J.* — Ronald S. Crowe and Barbara Vanessa Crowe, husband and wife, appeal a summary judgment of the Pierce County Superior Court that added them as joint debtors on a judgment for attorney fees. The King County Superior Court had previously rendered this judgment against Stacey Brothers, a business associate of the

---

*Justice Gerry L. Alexander is serving as a judge pro tempore of the Court of Appeals, Division II pursuant to CAR 21(c).

Crowes, in Brothers's unsuccessful lawsuit against the Public School Employees of Washington (PSE). The threshold and determinative issue presented in this appeal is whether the Crowes can be held liable for a judgment entered against a joint venturer of the Crowes in an action to which the Crowes were not a party. We hold that they cannot, and thus reverse the trial court.

In March 1992, Brothers, acting on behalf of The Mercer Group, contracted with PSE to make a life insurance program, Pen Max, available to PSE's members. The only contract signers were Brothers and PSE's executive director. Ron Crowe had, however, agreed to finance the start-up costs of the insurance program. The Crowes were to be reimbursed for this investment by sharing in the Pen Max commissions. Ron Crowe assisted Brothers in presentations given to PSE members. In addition, the names of both Brothers and Ron Crowe appeared together on documents relating to the business.

In June 1992, PSE suspended the insurance program following a meeting with Brothers and Ron Crowe regarding complaints PSE had received about the insurance program from its members. Brothers thereafter filed a breach-of-contract lawsuit (hereinafter *Brothers v. PSE*) against PSE in King County Superior Court. PSE prevailed in that lawsuit. In July 1995, the trial judge entered a judgment against Brothers for $133,947.60 in attorney fees and costs. The award of attorney fees was based on a provision in the contract between Brothers and PSE stating that in any action based upon the contract "the prevailing party shall be entitled to an award of its reasonable attorney's fees and costs." Clerk's Papers at 10. This judgment was affirmed by Division One of the Court of Appeals. *Brothers v. Public Sch. Employees*, 85 Wn. App. 1085 (1997).

Although Ron Crowe gave extensive testimony in *Brothers v. PSE*, the Crowes were not joined in the lawsuit as plaintiffs. Moreover, in order to limit its exposure to li-

ability for the Crowes' half of a judgment PSE had strategically decided not to join the Crowes as plaintiffs.

Following entry of the judgment against Brothers, PSE learned that all of his assets were exempt from execution. Consequently, PSE brought a declaratory judgment action in King County Superior Court, seeking to add the Crowes as debtors on the judgment against Brothers, based upon the theory that they were joint venturers with Brothers. The Crowes moved for a change of venue to Pierce County Superior Court. That motion was granted. A PSE motion to return the case to King County on forum non conveniens grounds was denied by the Pierce County Superior Court. PSE then moved for summary judgment. That motion was granted, the Pierce County Superior Court judge's order required the King County Superior Court to reform its judgment to add the Crowes as joint judgment debtors. This appeal by the Crowes followed.

The Crowes contend that the Pierce County Superior Court lacked jurisdiction to modify the King County Superior Court judgment. PSE counters that because venue was changed to Pierce County on the Crowes' own motion, their argument is not well taken. Even assuming that the Pierce County Superior Court had the authority to modify a judgment of another superior court, the question remains whether the Crowes could be added to that judgment. Because, for reasons set forth hereafter, we conclude that the Crowes could not be added to the judgment, it is unnecessary for us to pass upon the jurisdictional issue.

The Crowes' primary argument against extending the judgment to them is that PSE's claim against them is barred because their obligation, if any, is joint. In support of this argument they point to the holding of the Washington Supreme Court that

> where an obligation is joint and not joint and several, a judgment rendered on such obligation against one or more, but less than the whole number of obligors, is a bar to any action on the same claim against the obligors not parties to the

judgment, because the claim is merged in the judgment and is extinguished thereby.

*Warren v. Rickles*, 129 Wash. 443, 446, 225 P. 422 (1924), *aff'd on reh'g*, 134 Wash. 701 (1925). Consistent with that argument they note that the rule of liability for partners in Washington is generally that of joint, not joint and several, liability:

All partners are liable:

(1) Jointly and severally for everything chargeable to the partnership under RCW 25.04.130 and RCW 25.04.140; and

(2) Jointly for *all other* debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract[.]

RCW 25.04.150 (emphasis added).

 RCW 25.04.130 binds a partnership for a partner's wrongful act,[1] and RCW 25.04.140 binds a partnership for a partner's breach of trust. In the present case, however, liability is based upon a contractual provision awarding attorney fees to the prevailing party in any action based upon the contract between Brothers and PSE. If Brothers and the Crowes were partners, the Crowes would be only *jointly* liable under the contract per RCW 25.04.150(2). Joint ventures are generally to be treated in law identically to partnerships. *Barrington v. Murry*, 35 Wn.2d 744, 752, 215 P.2d 433 (1950) (citing *Paulson v. McMillan*, 8 Wn.2d 295, 111 P.2d 983 (1941)). Accordingly, given the fact that the Crowes did not join the lawsuit as plaintiffs, it would have been necessary for the Crowes to have been joined as plaintiffs in order to obligate them for attorney fees. *See Warren*, 129 Wash. at 446; *see also* 59A Am. Jur. 2d *Partnership* § 770 (2d ed. 1987) ("A judgment entered on a partnership obligation that is joint, and not joint and several, against any number of the partners, but less than all, is a bar to any action on the same claim against the partners not parties to the judgment. . . .").

---

[1] PSE makes no argument that losing a lawsuit is somehow a "wrongful act."

PSE strategically elected not to join the Crowes as plaintiffs in *Brothers v. PSE* so as to limit its exposure to liability. Thus the Crowes were not a party to the judgment. As a result, even assuming that PSE would prevail on the question of whether the Crowes were joint venturers with Brothers, it would be a Pyrrhic victory at best. As joint venturers the Crowes are as free of any obligation in the judgment against Brothers as the Crowes would have been had no formal relationship been proven between Brothers and the Crowes. We reject PSE's argument that following *Warren* would be "inherently unjust to PSE." Br. of Resp't at 39. The mandate of *Warren* is clear and we cannot disregard this precedent for the convenience of the parties appearing before us.

In sum, the Pierce County Superior Court erred in adding the Crowes as joint debtors to the judgment in *Brothers v. PSE*. We reverse the summary judgment against the Crowes and remand for entry of summary judgment in favor of the Crowes.

█ Given our disposition of the threshold issue, we need not address several of the Crowes' other assignments of error. We must, however, address their argument that they should be awarded attorney fees as prevailing parties pursuant to RCW 4.84.330, given that this case involves a contractual attorney fees agreement. Br. of Appellant at 46. We have held that under RCW 4.84.330 "the term 'prevailing party' means the party in whose favor *final* judgment is rendered." *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 701, 915 P.2d 1146 (1996) (emphasis added). Given that we are reversing the trial court and remanding for entry of judgment in favor of the Crowes, we instruct the trial court to award reasonable attorney fees to the Crowes upon entering judgment in their favor.

Reversed and remanded with instructions to enter summary judgment for Ronald S. Crowe and Barbara Vanessa Crowe.

HOUGHTON, C.J., and MORGAN, J., concur.