[No. 22668. Department Two. January 20, 1931.]

CUMMINGS HALVERSTADT, *Respondent*, v. W. A. ESTUS, *Appellant*.[1]

[1]Reported in 295 Pac. 175.

*Wettrick & Wettrick* and *George E. Flood,* for appellant.

*McBurney & O'Brien,* for respondent.

FULLERTON, J. — The respondent, Halverstadt, brought this action against the appellant, Estus, to recover upon an assigned account. To the complaint of the respondent, the appellant interposed a demurrer, based on the following grounds: (1) that the court has no jurisdiction of the subject-matter of the action; (2) that several causes of action have been improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, whereupon the appellant answered, putting in issue the allegations of the complaint on which the cause of action was founded.

The cause was tried upon an agreed statement of facts. As the findings of the court contain all that is material in the statement, we set out the findings at length:

"This matter coming on regularly for trial upon the pleadings and agreed statement of facts on the 16th day of October, 1929, the plaintiff being represented by McBurney & O'Brien, his attorneys, and the defendant being represented by Wettrick & Wettrick, and George E. Flood, his attorneys, and the defendant having moved the court for permission to renew his demurrer to plaintiff's amended complaint, and the court reserved decision on the demurrer, and, pursuant to stipulation of counsel, proceeded to trial of the cause on the merits, and having heard the argument of counsel, and having considered the written briefs of counsel for plaintiff and defendant, and the court

being fully advised in the premises, makes the following findings of fact:

"I. That heretofore, at all times herein mentioned, C. B. Myers, Henry Roden, and the defendant, W. A. Estus, were copartners in business under the firm name and style of Seldovia Packing Co.

"II. That heretofore, on or about the 19th day of May, 1922, the said Myers, Roden and Estus entered into a contract in writing with C. F. Buelow, sole trader in business under the firm name and style of C. F. Buelow Company, under the terms of which contract said C. F. Buelow Company agreed to purchase and ship to said parties at Seldovia, Alaska, a sufficient supply of tin cans needed by said parties in the operation of a salmon cannery conducted by them at Seldovia, Alaska, and in said agreement it was provided that said parties should operate the cannery at Seldovia, Alaska and ship the entire output thereof to the National Bank of Commerce in Seattle, Washington, for the use and benefit of C. F. Buelow Company and for the sale by him, and he should retain, out of the sale and profit of said salmon, the cost of all tin cans, freight, insurance, storage, and inspection, and all other expenses which might be incurred prior to the sale of said salmon, and that he should receive, out of the proceeds of said salmon, a brokers commission of 6%, together with all moneys advanced by him for the purpose aforesaid and not previously paid, and that the balance of the proceeds of such sale or sales should be credited to the account of said parties.

"III. That W. A. Estus, Henry Roden, and C. B. Myers, copartners in business under the firm name and style of Seldovia Packing Co., became indebted to said C. F. Buelow under said contract in the sum of $4,925.87; that there was paid, on account of said indebtedness, the sum of $2,994.25, on or about the 18th day of December, 1922.

"That the payment of said $2,994.25 paid on account was paid under the following circumstances:

"That on the 14th day of August, 1922, C. F. Buelow, doing business as C. F. Buelow Company, the plaintiff's assignor herein, commenced an action against W. A. Estus, Henry Roden, and C. B. Myers, to re-

cover on the breach of said contract; that, coincident with the commencement of said action, the plaintiff, C. F. Buelow, in said action, caused a writ of garnishment to be issued against Kelley Clark Company and the National Bank of Commerce of Seattle, Washington; that no personal service of summons was had on any of the defendants, said defendants, each and all, being at said time absent from the State of Washington; that summons was had by publication; that none of the defendants entered an appearance in said action, and judgment upon said substituted service was entered in said action on or about the 22nd day of November, 1922, for the sum of $4,925.87; that subsequent to the entry of said judgment, to-wit, on or about the 18th day of December, 1922, the plaintiff in said action and the defendants in said action, W. A. Estus, Henry Roden, and C. B. Myers, co-partners in business under the firm name and style of Seldovia Packing Company, Oscar Anderson and the garnishee defendant, entered into a written stipulation and filed the same in said cause, which said stipulation is made a part hereof, wherein and whereby, among other things, it was stipulated that the funds held by the garnishee defendants, under the writ of garnishment, should be released and distributed in the manner provided in said stipulation, and the plaintiff in said action, C. F. Buelow, should receive, on account of his claim, the sum of $2,994.25; that, upon said stipulation, certain money was released and the garnishments discharged, and thereupon the said C. F. Buelow received, on account of said claim, the sum of $2,994.25; that no further proceedings were had in reference to the claim of C. F. Buelow Company against W. A. Estus, C. B. Myers, and Henry Roden, co-partners in business under the firm name and style of Seldovia Packing Company, in said cause.

"IV. That, prior to the commencement of this action, said C. F. Buelow Company duly sold, assigned, transferred, and set over to the plaintiff all of its claims, demands, and causes of action, of every kind, name, and nature against the Seldovia Packing Company and the defendant, W. A. Estus, and the plaintiff is, and at the time of the trial was, the owner and holder thereof.

"V. That C. B. Myers and Henry Roden, mentioned in the statement of facts, were never residents of the State of Washington; that, prior to the commencement of the above entitled action, C. B. Myers died, and, at the time of his death, was a resident of the Territory of Alaska; that at the time of the trial of the above entitled action, the partnership known as the Seldovia Packing Company had no assets; that neither the plaintiff, plaintiff's assignor, nor plaintiff's attorneys at the time of the commencement of this action, or at any time since, had knowledge of any property in the State of Washington belonging to the partnership known as the Seldovia Packing Company, or belonging to either Henry Roden or C. B. Myers, members of said partnership, and counsel for defendant had no knowledge of any property of either Henry Roden or C. B. Myers in the State of Washington.

"VI. That the defendant, W. A. Estus, is indebted to the plaintiff in the sum of $1,500.00, the amount agreed upon in said stipulation as the fixed liability of said W. A. Estus, in the event the said W. A. Estus is found liable upon the pleadings and statement of facts.

"VII. That the said action set out and described in Paragraph III of these Findings, being Cause No. 160,803, of the Superior Court of King County, Washington, and the cause mentioned in Paragraph IV of the agreed statement of facts, did not constitute and is not a bar to the present action, and did not liquidate and settle the claims of said C. F. Buelow Company against the defendant, W. A. Estus, and/or the co-partnership known as the Seldovia Packing Company, the defendants in said cause No. 160,803."

Based on the findings, the trial court concluded as matter of law that the respondent was entitled to a judgment against the appellant for the stipulated sum, and entered a judgment accordingly. The appeal is from the judgment so entered.

The cause of action, it will be observed from the foregoing recitals, is founded upon a partnership obligation. It will be observed, further, that the re-

spondent does not sue all of the persons who formerly composed the partnership which contracted the indebtedness, nor name them as parties defendant to the action, but seeks to recover for the partnership obligation against one of the partners alone.

In his first assignment of error, the appellant contends that such an action cannot be maintained. In support of the contention, his learned counsel call attention to the principle that a partnership obligation is a joint, not a joint and several, obligation of the members of the partnership (*Warren v. Rickles,* 129 Wash. 443, 225 Pac. 422), and invoke the rule of the common law to the effect that a joint obligee cannot, over his objection, be sued on a joint obligation as if he were severally liable thereon.

His counsel do not overlook our so-called joint debtor's act. (Rem. Comp. Stat., § 236.) This act provides that, when the action is against defendants jointly indebted upon a contract, and the summons is served on one or more of them, but not on all of them, the plaintiff may proceed against the defendants served, ''and if he recover judgment it may be entered against all of the defendants thus jointly indebted so far only· as it may be enforced against the joint property of all and the separate property of the defendants served.'' But it is argued that the act is in derogation of the common law and must be strictly pursued, and that it is not to pursue it strictly, or even to pursue it according to its intent or purpose, to sue a member of a partnership without joining with him, as parties defendant, all of the members of the partnership. It is not necessary, as we understand the argument, that the partnership be still in existence, or that its members be within the jurisdiction of the court, or have property within its jurisdiction, but that all of the parties who were members of the partnership at the time the obligation

was incurred, must be joined as defendants, regardless of any circumstance or condition.

It is at once apparent, of course, that, if the statute is to be construed thus strictly, it will lead to some strange results, and, in certain instances, be an absolute bar to an action. The present instance furnishes a concrete example. At the time of the commencement of the action one of the partners was dead, and he could hardly be made, personally, a party defendant. It is true that, in this jurisdiction, the personal representatives of a joint obligor may be sued with the living obligor (*Brownfield v. Holland*, 63 Wash. 86, 114 Pac. 890), but there was none capable of being joined, nor could there be any, as the decedent left no property within the jurisdiction. Nor could any practical purpose be served by joining the other partner, as he was without the jurisdiction of the court, and had no property within the court's jurisdiction. Obviously, therefore, to have named either of them as parties defendant could be but uselessly incumbering the record. Nor do we think the statute contemplates such a procedure. As we said in the cited case:

"The strict rules of the common law, as applied to joint debtors and joint tenancy, are no longer controlling in this jurisdiction. The reasons for the rule have been abrogated by statute, and the rule ceases when the reason has ceased to exist. The doctrine of survivorship between joint tenants has been abolished. Rem. & Bal. Code, § 1344. Actions are prosecuted in this state by and against the real parties in interest, and all persons interested in the cause of action or necessary to the complete determination of the questions involved must be joined as plaintiffs or made defendants, accordingly as their interests appear. Rem. & Bal. Code, §§ 179, 189. We have but one form of action for the enforcement of, or the protection of, private rights and the redress of private wrongs, and it is known as a civil action. Rem. & Bal. Code, § 153. Ac-

tions for the recovery of, or for the possession of, property, and all actions resting upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates. Rem. & Bal. Code, § 1535. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when justice requires it, determine the ultimate rights of the parties on each side, as between themselves. Rem. & Bal. Code, §§ 406, 407. If the action is against joint debtors, a judgment may be entered against the defendants served, unless the court otherwise directs, and it may be made enforceable against the joint property of all the defendants. Rem. & Bal. Code, § 236, subd. 1. The intention of the law makers is the law, and the office of construction is to discover that intention and make it effective. If the reform procedure accomplished its purpose, it is obvious that the statutes to which we have referred render the common law rules invoked on the first two contentions inapplicable to our procedure."

■■ In this connection, it is further argued that the demurrer to the complaint should have been sustained, because the facts which might authorize the action do not appear on the face of the complaint. But the appellant did not stand on his demurrer. He answered over, and the facts appeared at the trial. These show that the respondent has a meritorious cause of action, and if we concluded that the demurrer was improperly overruled, we would but remand the case with leave to amend, when it would be again heard on the same facts. This, manifestly, would be but to add to the burdens of the already overworked courts, without substantial gain. It would, moreover, be in violation of the statute enacted to meet such situations; the statute which requires this court to hear causes upon their merits, and consider all amendments as made which could have been made. Rem. Comp. Stat., § 1752.

The next contention is that the present action is barred by the prior action instituted by the respondent against the members of the partnership, in which a part recovery was had. In support of the contention, the appellant first argues that the action constituted an election of remedies. The objection is not, in our opinion, tenable. The members of the partnership were then all without the jurisdiction of the court, and no personal judgment could be had against either of them. They had property within the court's jurisdiction, and the sole purpose of the action was to subject the property to the payment of the debt of the partnership. The amount recovered in the action operated *pro tanto* to a satisfaction of the debt, but the institution of the action did not constitute such an election as to bar an action for the recovery of the unsatisfied balance. *Howard v. McNaught,* 9 Wash. 355, 37 Pac. 455, 43 Am. St. 837.

The second reason given in support of the contention is that the debt was satisfied by the former proceeding. It appears that the respondent seized, in that proceeding, property of a value sufficient to satisfy his obligation, and afterwards, before any sale of the property was had, voluntarily stipulated to surrender a part thereof to the payment of other creditors of the partnership. But all of the members of the partnership, which included the present appellant, joined in the stipulation, thereby consenting to the surrender. Clearly, neither the partnership, nor either of the members thereof, is now in a position to complain of the surrender.

The judgment is affirmed.

MITCHELL, BEALS, MAIN, and MILLARD, JJ., concur.