[No. 23877. Department One. January 7, 1933.]

CARL HAGEDORN et al., *Respondents*, v. PACIFIC FOUN-
DRY COMPANY, INC., *Appellant.*[1]

*Henry J. Gorin,* for appellant.

*Q. A. Kaune,* for respondents.

MITCHELL, J.—In September, 1924, Carl and John
Hagedorn, claiming they had invented a useful im-
provement on loose top grate bars, filed an application
for a patent therefor. In January, 1925, they entered
into a written license agreement with the Pacific Foun-
dry Co., Inc., a corporation, authorizing it to manufac-
ture and sell the bars in a specified territory, for which
the licensee agreed to pay one cent a pound royalty,
no time limit being fixed in the contract. The Foun-
dry Company manufactured and sold a quantity of
the bars. The Hagedorns cancelled the license con-
tract by written notice November 9, 1929. Thereafter,
this action was brought by them to recover the balance

[1]Reported in 18 P. (2d) 19.

alleged to be due under the contract. Upon issues framed, trial was had without a jury. Findings of fact were entered from which it was concluded and adjudged that the plaintiffs have and recover $1,556.81, interest and costs. The defendant has appealed.

In the original complaint, Carl and John Hagedorn, as plaintiffs, were designated as co-partners. Upon objection on the part of the defendant, the court permitted an amendment to the complaint by which the Hagedorns as individuals were substituted for themselves as alleged co-partners. Appellant alleges error on the ruling, claiming that the action should have been dismissed. The assignment is without merit. The liberality with respect to the amendment of pleadings common under the practice in this state justified the ruling.

It is also claimed that the court erroneously overruled a demurrer to the second amended complaint, upon which the case was tried. This assignment is not referred to in the argument in the briefs on behalf of appellant, and clearly is without merit.

On the merits, it appears that the application for a patent was denied by the patent office October 29, 1926. Thereafter, respondents, through another patent office attorney than the one who had been acting for them, made a new and independent application for a patent upon what they claim in this hearing was their original invention of a useful improvement on loose top grate bars. The second application was filed in the patent office January 3, 1929, upon which a patent was issued on March 17, 1931.

After the date of the license agreement, January 1, 1925, appellant continuously manufactured and sold grate bars of the kind for which patent had been applied. On November 9, 1929, the license agreement was cancelled, as before stated. It very clearly ap-

pears that the appellant had no notice or information until after November 9, 1929, that the original application for a patent, under which the license agreement to appellant had been written by the respondents, had been rejected by the patent office, although the respondents themselves had direct notice from the patent office in February, 1927, of the rejection of their application in October, 1926.

The trial court allowed the so-called royalty of one cent a pound on all bars manufactured and sold between the date of the contract and October 29, 1927 (one year after the date of the rejection by the patent office of the first application for a patent); allowed no recovery on account of bars manufactured and sold from October 29, 1927, to January 3, 1929, the date of making the second application for a patent; and allowed royalty on bars manufactured and sold between January 3, 1929, the date of the second application for a patent, and November 9, 1929, the date of the written notice by respondents of the cancellation of the license agreement. The royalty thus allowed amounted to the total sum of $2,863.50, from which the court subtracted the total amount of payments made by the appellant on the account in the sum of $1,306.69, and gave judgment accordingly.

Appellant admits it is chargeable with royalty on all bars manufactured and sold down to October 29, 1926, the date the patent office rejected the first application for a patent, but denies all further charges. The respondents, of course, contend that the trial court correctly stated the amount due.

Title 35, § 37, U. S. C. A., which was in effect at the date of the contract and also at the date the application for a patent was rejected, provided:

"All applications for patents shall be completed and prepared for examination within one year after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within one year after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

Under the statute, it must be held, we think, that respondents had not abandoned their first application until one year from the date of the rejection of it by the patent office, and that, until that date, the license agreement was in effect. After that date, however, there was no consideration for the license agreement. The application for a patent upon which the agreement rested had been abandoned, and was no longer of any force or effect for the purpose of supporting a royalty agreement.

The new application for a patent was, as the court found, upon what was clearly a preponderance of the evidence, a new application. It in no way by its terms related to the old one. It was not an amendment of the original one, but an independent application, as though none other had ever been made. The appellant had no notice whatever of the new application, nor is there anything in the license agreement covering any future independent application for a patent or the exercise of any rights under any future application.

The record shows the number of pounds of bars manufactured between January 1, 1925, and October 29, 1927, and the amount sold of those manufactured down to October 29, 1926, but does not satisfactorily show sales of those manufactured between October 29, 1926, and October 29, 1927, thus making it im-

possible for us to find the specific amount due under the agreement.

Reversed and remanded, with directions to the trial court to find the quantity of bars manufactured between January 1, 1925, and October 29, 1927, that were sold, and from the amount reckoned at one cent per pound deduct the amount of the admitted payments of $1,306.69, according to which judgment shall be entered.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.