[No. 24513. Department Two. July 19, 1933.]

PITTSBURGH REFLECTOR COMPANY, *Appellant*, v. DWYER & RHODES Co., INC., *Defendant*, JOSEPH F. DWYER *et al.*, *Respondents*.[1]

*Wright & Wright (Felix Rea*, of counsel), for appellant.

*Greene & Henry,* for respondents.

TOLMAN, J.—By this action, appellant, as plaintiff, sought to hold the defendants Joseph F. Dwyer and Pacific Discount Corporation personally liable for an account contracted with it by the defendant Dwyer & Rhodes Co., Inc., upon the theory that the defendant Dwyer personally used and manipulated both defendant corporations as mere instruments or tools in his hands for his personal profit and so as to deceive and defraud those who gave credit to Dwyer & Rhodes Co., Inc.

From a judgment denying the relief sought, the plaintiff has appealed.

[1]Reported in 23 P. (2d) 1114.

The primary question here presented is one of fact. We have carefully read and considered all of the evidence, and find that it does not preponderate against the facts as found by the trial court, and under our well established rule, the facts so found by the trial court are therefore taken as established. The only question then remaining is to determine the law to be applied to the established facts.

So far as now material, the trial court's findings are as follows:

"That Dwyer & Rhodes Co., Inc., was incorporated on the 9th day of July, 1926, and ever since said day Joseph F. Dwyer has held 198 shares of its capital stock and E. E. Rhodes has owned two shares of its capital stock, one share of the stock belonging to E. E. Rhodes standing in the name of William A. Greene, and on June 6, 1930, E. E. Rhodes caused one share of the capital stock of said Dwyer & Rhodes Co., Inc., standing in his name to be transferred to W. H. Creech.

"That since the incorporation of Dwyer & Rhodes Co., Inc., Joseph F. Dwyer has been its president and E. E. Rhodes its secretary up to June 6, 1930, and since June 6, 1930, W. H. Creech has been its secretary. That from the incorporation of said company up to June 6, 1930, the trustees were Joseph F. Dwyer, E. E. Rhodes and William A. Greene, and on June 6, 1930, W. H. Creech was elected trustee in place of E. E. Rhodes.

"That Dwyer & Rhodes Co., Inc., held meetings of its stockholders and also of its trustees almost every year from the date of its incorporation down to the present time. That the property of Dwyer & Rhodes Co., Inc., was managed from the date of its incorporation up to June 6, 1930, by E. E. Rhodes, and from June 6, 1930, to date by W. H. Creech; that Joseph F. Dwyer took no part in the active management of said company; that Dwyer & Rhodes Co., Inc., maintained its own bank account and all checks drawn against funds on deposit in the bank were drawn either by E. E. Rhodes or by W. H. Creech.

554

"That Joseph F. Dwyer and the Pacific Discount Corporation each of them from time to time loaned to Dwyer & Rhodes Co., Inc., various sums of money but each transaction they received a promissory note and generally an assignment of account, for which the purchaser at said time paid 90% of its face value, and these are the only transactions between Dwyer & Rhodes Co., Inc., on the one side and Joseph F. Dwyer or the Pacific Discount Corporation on the other side.

"That the Pacific Discount Corporation, a corporation, is owned and controlled largely by Joseph F. Dwyer; that he is its managing head and its main business is buying commercial paper and accounts and discounting them.

"That the business of Dwyer & Rhodes Co., Inc., a corporation, was always kept separate and apart from the businesses and transactions of the Pacific Discount Corporation and of Joseph F. Dwyer, and at no time was there any commingling of the business and transactions or of the property of Dwyer & Rhodes Co., Inc., a corporation, with either the Pacific Discount Corporation, a corporation, or with Joseph F. Dwyer."

In other words, while respondent Dwyer owned both corporations, still each one carried on a distinct and separate business under separate management, and the only relation shown to have existed between the two corporations was that one borrowed money from the other, gave its notes for the sums borrowed, and assigned accounts receivable as security for, or in payment of, the money borrowed. There is nothing in the findings to the effect that this relationship was so carried on as to tend to deceive or defraud anyone dealing with either corporation, and we find no evidence in the record which would warrant any such finding.

Mere common ownership of the capital stock, interlocking directorates, or like evidences of close association, will not justify the courts in disregarding corporate identities. *Associated Oil Co. v. Sieberling*

*Rubber Co.,* 172 Wash. 204, 19 P. (2d) 940, and cases there cited.

In order to justify the judicial disregard of corporate identities, one, at least, of two things must clearly appear. Either the dominant corporation must control and use the other as a mere tool or instrument in carrying out its own plans and purposes so that justice requires that it be held liable for the results, or there must be such a confusion of identities and acts as to work a fraud upon third persons. In most, if not all, of the Washington decisions in which corporate entities have been disregarded, both elements have appeared, and there is strong authority for the rule that both elements (if there be two) must appear in order to warrant relief. *First National Bank v. Walton,* 146 Wash. 367, 262 Pac. 984; *Briggs & Co. v. Harper Clay Products Co.,* 150 Wash. 235, 272 Pac. 962; *Minifie v. Rowley,* 187 Cal. 481, 202 Pac. 673; *Erkenbrecher v. Grant,* 187 Cal. 7, 200 Pac. 641.

It is not necessary in this case to determine that question, for here neither element appears. The Dwyer & Rhodes Co., Inc., carried on a distinct and separate business of a wholly different nature from that carried on by the Pacific Discount Corporation. There was no confusion in the affairs of the two corporations. Appellant can rely upon nothing here save only Dwyer's interest in the two corporations, or, in other words, common ownership, and that, under all authorities, is insufficient.

We cannot distinguish this case from the case of *Briggs & Co. v. Harper Clay Products Co., supra.* That the loans were made by the Pacific Discount Corporation instead of by Dwyer personally is a distinction without a difference. Here, as there, the loans appear to have been made in good faith, openly and in the ordinary course of business. There was no covering up

or concealment, and that the borrowing corporation obtained loans from its friends rather than from total strangers, is not, of itself, a badge of fraud.

Finding no error, the judgment is affirmed.

MAIN, STEINERT, and BLAKE, JJ., concur.

BEALS, C. J., dissents.