[No. 24930. Department Two. March 5, 1934.]

SOPHIE A. PRESTON, *Respondent* v. RALPH W. LITTLE-FIELD *et al., Appellants.*[1]

[1]Reported in 29 P. (2d) 923.

 

*Newell J. Banks* and *Charles H. Graves,* for appellants.

*John R. Martin,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, instituted this action by serving and filing a complaint in which she alleged that the defendants Littlefield, on May 25, 1929, held title to certain described real estate in Pierce county by virtue of an unrecorded deed in which Ralph W. Littlefield was named as grantee. That, on the day mentioned, Ralph W. Littlefield delivered the deed mentioned to the plaintiff as a pledge to secure the repayment of a certain indebtedness (amount not disclosed) then owing by the defendants Littlefield to the plaintiff.

Subsequently, oral promises were made by Littlefield to sell the real estate and apply the proceeds toward the payment of the debt due to the plaintiff. Relying on that promise and a similar oral promise made by defendant Charles H. Graves, the plaintiff delivered the unrecorded deed to the defendant Graves, who afterwards caused the Littlefields to deed the real estate to him and perfected his title of record by recording both deeds. It is further alleged that the defendant Graves has fraudulently treated the property as his own, has refused to reconvey it to the plaintiff, has sold and conveyed away a part, and has refused to account to the plaintiff for the proceeds of such sale. The prayer of the complaint is for a decree excluding the Littlefields from any interest in the real estate, ad-

judging the defendants Graves as trustees holding the title for the use and benefit of the plaintiff, and further relief is asked which would appropriately follow a holding that the title was held in trust by Graves for the plaintiff.

To this complaint, a demurrer was interposed and overruled. The defendants answered, and the cause came on for trial on the merits before the court sitting without a jury, resulting in findings of fact which, omitting formal parts, are as follows:

"That on or about the 20th day of January, 1929, or prior thereto, the plaintiff advanced to the defendant Ralph W. Littlefield, certain sums of money in the approximate amount of nineteen hundred dollars ($1,-900) for which he gave his notes, a small part of which was repaid; that on said 20th day of January, 1929, the defendants Littlefield were indebted, and they are still indebted, to the plaintiff, Sophie A. Preston, in the amount of sixteen hundred fifty dollars ($1,650) no part of which has ever been paid.

"That on or about the 25th day of May, 1929, the defendants Ralph W. Littlefield and Bernice Littlefield, and the community composed of said defendants, were possessed of a certain unrecorded warranty deed to the following described property situated in the county of Pierce, state of Washington:

"South half of block one hundred seventy (170) as the same is known and designated upon a certain plat entitled 'Amended Map of Second School Land Addition to the City of Tacoma' which plat was filed for record in the office of the auditor of said county on July 22, 1903, in which Ralph W. Littlefield was the grantee and Katherena Leonard and Arthur E. Leonard, husband and wife, were the grantors; that on or about said 25th day of May, 1929, the defendants Ralph W. Littlefield delivered said deed to the plaintiff herein as a pledge to secure to her a repayment of the money she had theretofore advanced.

"That, subsequently, the defendant Littlefield was desirous of securing the unrecorded deed which the plaintiff had in her possession; that the defendant

Littlefield promised her that he would sell the property and repay to her the moneys which she had advanced if she would deliver this deed to him; that the plaintiff, on or about the 30th day of September, 1929, delivered this deed to the defendant Graves with the idea that Littlefield was to sell this property and to give her some of the money she had advanced, although the defendant Graves did not tell her that he could get Littlefield to sell the property and pay debts with the money. That the defendant Graves was the attorney for the defendant Littlefield; that after the deed was delivered to the defendant Graves by the plaintiff, the property was deeded to the defendant Graves by the Littlefields to secure Graves for $300 which Littlefield owed Graves for his attorneys fees; that thereafter Littlefield desired to sell half of the property and the defendant Graves gave Littlefield a quit-claim deed in blank; that defendant Graves still retains his deed to the balance of said property and the record title still stands in the name of the defendants Graves to this half of the property: . . . That defendant Graves admits that he holds said property as security for the fee due him from Littlefield, heretofore mentioned.

"That the defendant Graves had actual knowledge that the defendant Littlefield had promised to sell the property and repay to the plaintiff the moneys she had advanced, at the time he received the deed from the plaintiff and at the time he received and recorded the quit-claim deed from the defendants Littlefield and wife to himself."

A money judgment was entered on these findings against the defendant Ralph W. Littlefield and the community composed of the Littlefields. The plaintiff was adjudged to have a lien on the real estate prior and superior to the title in Graves and wife, which lien was given the dignity of a judgment lien, and the plaintiff was awarded her costs.

The defendants have appealed from that judgment, but have brought no statement of facts to this court. They rely upon the insufficiency of the complaint and

the insufficiency of the facts as found to support the judgment.

No question seems to have been raised at any time regarding the venue of the action. At this stage of the proceedings, this court should not and will not do more than to suggest that, the question not having been raised, it will now be considered waived.

It is argued on behalf of the appellants Littlefield that the complaint fails to state a cause of action for the recovery of a money judgment because it contains no proper allegations showing the dates, terms, or amounts of any loans, or advances made by respondent to them. This question seems to be governed by the holding of this court in *Halverstadt v. Estus,* 160 Wash. 390, 295 Pac. 175, where it was said:

"In this connection, it is further argued that the demurrer to the complaint should have been sustained, because the facts which might authorize the action do not appear on the face of the complaint. But the appellant did not stand on his demurrer. He answered over, and the facts appeared at the trial. These show that the respondent has a meritorious cause of action, and if we concluded that the demurrer was improperly overruled, we would but remand the case with leave to amend, when it would be again heard on the same facts. This, manifestly, would be but to add to the burdens of the already overworked courts, without substantial gain. It would, moreover, be in violation of the statute enacted to meet such situations; the statute which requires this court to hear causes upon their merits, and consider all amendments as made which could have been made. Rem. Comp. Stat., § 1752."

The facts necessary and sufficient to support the money judgment are shown in the findings, and the money judgment will therefore stand affirmed.

Neither the complaint nor the findings show any sufficient basis for awarding to the respondent a lien on the real estate as against the appellants Graves.

We are unable to visualize any theory of an equitable interest or title in respondent which would give her equitable rights other than the right to set aside a fraudulent conveyance, and that right could only come into existence by an attachment of the real estate or the entry of a judgment which would be a lien thereon. The situation is so apparent that we refrain from further discussion.

The money judgment against the Littlefields is affirmed. The judgment as it affects the appellants Graves is reversed, with direction to dismiss the action as to them, but without prejudice to the right to bring an action, after establishing a lien on the real estate, to set aside any conveyance or conveyances thereof thought to be fraudulent.

BEALS, C. J., BLAKE, GERAGHTY, and HOLCOMB, JJ., concur.