[No. 26712.   Department Two.   January 4, 1938.]

WILMOT W. GARVIN, *as Receiver, Appellant,* v. W. R.
MATTHEWS *et al., Respondents.*[1]

*H. Earl Davis, Lawrence H. Brown,* . and *John
Huneke,* for appellant.

*Brown & Weller,* for respondents.

BLAKE, J.—Prior to 1930, John Mossuto was engaged
in the contracting business, specializing in earth ex-

[1]Reported in 74 P. (2d) 990.

cavation. In that year, he and other members of his family organized the American Construction & Digging Company, of Spokane, to which Mossuto transferred all his equipment. One Jepsen became interested, and until 1933, he and Mossuto conducted and managed the business of the corporation. In the latter year, W. R. Matthews acquired an interest in the company, and became its president and active manager.

In July of that year, through the activities of Matthews, a contract for certain road work was awarded to the corporation by Whitman county. The contract price was $9,789.60. To secure performance of the contract, the construction company executed and delivered to Whitman county a bond, with Great American Indemnity Company as surety. The job did not prove a financial success, and the surety was called upon to pay some six thousand or seven thousand dollars on account of claims against the bond.

In 1934, the surety, Great American Indemnity Company, filed a complaint in superior court, naming as defendants American Construction & Digging Company, John Mossuto, W. H. Matthews, W. R. Matthews, Chris Jepsen, and Joseph Mossuto. The defendants other than American Construction & Digging Company were brought in under allegations that they had in their possession assets belonging to the construction company. The prayer was for judgment against American Construction & Digging Company for the amount of claims paid and to be paid by the surety; for the appointment of a receiver; and to require the defendants to deliver to the receiver the assets of the company. A receiver was appointed, but nothing further seems to have transpired until December, 1934, when the receiver filed a report and at the same time asked to be discharged. His application was granted,

and Wilmot W. Garvin was appointed receiver. Subsequently, there was entered an order

" . . . that Wilmot W. Garvin, receiver . . ., is hereby substituted as party plaintiff in the case of Great American Indemnity Company, a corporation, plaintiff, vs. American Construction & Digging Company, a corporation, et al., defendants, being cause No. 94488 now pending in this court."

In passing, it is to be noted that all proceedings with which we are concerned occurred in the cause bearing No. 94488.

In September, 1935, Wilmot W. Garvin, receiver for American Construction & Digging Company, as plaintiff, filed in the cause an amended complaint, naming as defendants W. H. Matthews, W. R. Matthews, John Mossuto, Chris Jepsen, and Joseph Mossuto. After alleging that Great American Indemnity Company had been compelled to pay $7,205 on account of claims against the bond, the receiver alleged that W. R. Matthews, W. H. Matthews, John Mossuto, and Chris Jepsen had collected from Whitman county all that became due the construction company under its contract with Whitman county, except $1,550, and had appropriated to their own use the sums collected and other property of the construction company.

The defendants joined issue, and the cause was called for trial May 27, 1936. From the statement of facts, it appears that, on June 24th, at the conclusion of the reception of evidence and after the argument of counsel, the court took the case under advisement. In the transcript, we find, filed July 3, 1936, a petition of Great American Indemnity Company for an order substituting it as party plaintiff in the stead of the receiver. (The significance of this petition will appear as we proceed with the discussion.) October 17, 1936, the court filed a memorandum opinion announc-

ing that it would deny the application for substitution and would enter judgment "dismissing the amended complaint of the receiver." Thereafter, the court entered an order denying the application for substitution, made findings of fact, and entered judgment of dismissal. From the order and judgment so entered, plaintiff appeals.

The court found that none of the respondents had in his possession money or property belonging to the construction company. While we do not understand appellant to challenge the findings to this effect, we may say that we think the evidence overwhelmingly supports them. But the court found that, although the road contract was taken in the name of American Construction & Digging Company, the operation was the

". . . personal business venture of . . . W. R. Matthews; that said corporation in said matter was the mere *alter ego* of the said W. R. Matthews."

The court further found that W. H. Matthews had no part in the management or control of the operations under the contract,

". . . his connection therewith being limited to advancing moneys for the carrying out of said operation and receiving reimbursement therefor."

As we see it, the only question for our consideration is the legal consequence attendant upon the finding that the "corporation . . . was the mere *alter ego* of the said W. R. Matthews." Although respondents challenge the sufficiency of the evidence to support the finding, we think it is sustained by a clear preponderance of the evidence. Appellant urges that a similar finding should have been made with respect to W. H. Matthews. But we do not think the evidence warranted any other finding than that made concerning his connection with the construction company.

To sum up the situation at the close of the trial, we must remember that the action on the amended complaint was brought by the receiver of the construction company to recover assets of the corporation alleged to be in the possession of the individual respondents. The cause of action, as alleged, failed because of the failure of proof that any of the respondents had in their possession money or property belonging to the construction company.

But, as found by the court, the proof did establish the fact that W. R. Matthews used the corporation merely as an instrumentality in the conduct of his own personal business. The amended complaint is therefore to be deemed amended to conform to that proof. *Hamilton v. Johnson,* 137 Wash. 92, 241 Pac. 672; *Preston v. Littlefield,* 176 Wash. 496, 29 P. (2d) 923.

The legal consequence at this point is that we find a cause of action established against W. R. Matthews. For, the corporation being his *alter ego,* its bond is his bond, and he is bound to make good to his surety for his default as principal.

Appellant contends, and cites many authorities thought to sustain his position, that the liability is such as may be enforced by the receiver of the construction company. But we do not think that position is tenable, or that it is supported by the authorities cited. The receiver stands merely in the place of the corporation. It is his right and duty to marshall the assets of the corporation. In performing that duty, he may bring any action which the corporation itself could have maintained.

Now, the question arises: Could the construction company have brought an action against W. R. Matthews, on the theory that it was his *alter ego?* We think not. The doctrine of *alter ego* does not create assets for or in the corporation. It simply fastens

liability upon the individual who uses the corporation merely as an instrumentality in the conduct of his own personal business. The liability springs from fraud. *Pittsburgh Reflector Co. v. Dwyer & Rhodes Co.,* 173 Wash. 552, 23 P. (2d) 1114; *Sommer v. Yakima Motor Coach Co.,* 174 Wash. 638, 26 P. (2d) 92. The fraud from which it arises is not perpetrated upon the corporation, but upon third persons dealing with the corporation. And the doctrine has been invoked only at the behest of such third parties as have suffered injury by reason of the fraud. *Platt v. Bradner Co.,* 131 Wash. 573, 230 Pac. 633; *State v. Davies,* 176 Wash. 100, 28 P. (2d) 322; *Pohlman Inv. Co. v. Virginia City Gold Mining Co.,* 184 Wash. 273, 51 P. (2d) 363; *Deno v. Standard Furniture Co.,* 190 Wash. 1, 66 P. (2d) 1158.

We think it is clear that the construction company could not have maintained an action against W. R. Matthews. For, as an entity, the construction company suffered no injury by reason of the fact that it was used by W. R. Matthews as an instrumentality in the conduct of his personal affairs. The receiver is in no better position to maintain the action than the corporation itself. So, when the trial closed, the action had failed for want of a proper and necessary party plaintiff, although the liability of Matthews to Great American Indemnity Company had been established. For, applying the doctrine of *alter ego,* Matthews was liable to his surety in the amount that it had been compelled to make good on the bond.

The final question to be determined, therefore, is whether or not that liability should be enforced on this record. That the practice under rule III (Rem. Rev. Stat., § 308-3 [P. C. § 8676-6]) would permit of the substitution of Great American Indemnity Company as party plaintiff at the close of the trial, is in-

dicated by some of our previous decisions. We have held that the pleadings will be deemed amended to conform to proof "even after a case has reached this court on appeal." *Brady v. Frigidaire Sales Corp.*, 180 Wash. 472, 40 P. (2d) 166. In *Weber v. West Seattle Land & Imp. Co.*, 188 Wash. 512, 63 P. (2d) 418, where at the close of plaintiff's case, in an action for conversion, it was urged he had no title, amendment was permitted allowing him to maintain the action as assignee. In *Larson v. Union Inv. & Loan Co.*, 168 Wash. 5, 10 P. (2d) 557, the court approved the bringing in of a new party plaintiff without the service of original process, where the cause of action was not changed. In *Hagedorn v. Pacific Foundry Co.*, 171 Wash. 319, 18 P. (2d) 19, where the action was brought by a partnership, the court permitted the plaintiffs to be substituted as individuals.

The situation presented in the case of *Sidis v. Rosaia*, 170 Wash. 587, 17 P. (2d) 37, is quite similar to the situation with which we are here confronted. That action arose out of an automobile collision. Florine Rosaia was made a party defendant on the assumption that she was driving the car at the time of the collision. During the trial, it developed that her sister Evelyn was the driver. At the conclusion of the evidence, the court dismissed Florine, and granted a motion substituting Evelyn, who had been in the courtroom throughout the trial, as party defendant. This court, approving the procedure, said:

"Under the circumstances, it would have been a useless proceeding to cause the parties to go out of court and again incur the trouble and expense of trying the case over again."

It is to be noted, however, that this liberality in the application of the rule (Rem. Rev. Stat., § 308-3) is always predicated on the assumption that the party

against whom the ruling is made will not be prejudiced by the amendment or the introduction of a new party.

■ In applying the rule to this case, we recall that Great American Indemnity Company was the original party plaintiff in *this action* (No. 94488); that, possibly through misapprehension as to the identity of W. R. Matthews and American Construction & Digging Company, Garvin, as receiver, was substituted as party plaintiff. Had that substitution not been made, and had the case been tried on the original complaint, or had Great American Indemnity Company appeared as party plaintiff on the amended complaint, there can be no doubt that it would be entitled to judgment against W. R. Matthews on this record.

We fail to see how W. R. Matthews' rights are in anywise prejudiced by permitting Great American Indemnity Company to now take its original position of plaintiff in the action. On the other hand, refusal to permit the substitution would accord Matthews the advantage of another trial of the same issues as are presented by this record. From our reading of the record, we are convinced that the result of such refusal would be merely to delay the day of settlement. We conclude that Great American Indemnity Company should be substituted as party plaintiff in the stead of Wilmot W. Garvin, receiver of American Construction & Digging Company. It is so ordered.

The cause is remanded, with directions to enter judgment in favor of Great American Indemnity Company against W. R. Matthews in the amount that the former has had to make good on the bond. In addition, Great American Indemnity Company is entitled, by the terms of the contract under which the bond was written, to a reasonable allowance as attorney's fees.

STEINERT, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.