CUDAHY, Circuit Judge,
concurring in part and dissenting in part:
The statutory branch of the majority opinion confronts, it seems to me, very serious problems of legal theory but resolves them on an essentially pragmatic basis. The essential theoretical question is whether ECI could ever have maintained an action against its member-owners on the ground that ECI was the alter ego of the owners. Apparently, ECI could not have carried on such an action:
The doctrine of alter ego does not create assets for or in the corporation. It simply fastens liability upon the individual who uses the corporation merely as an instrumentality in the conduct of his own personal business. The liability springs from fraud. The fraud from which it arises is not perpetrated upon the corporation, but upon third persons dealing with the corporation.
Garvin v. Matthews, 193 Wash. 152, 156-57, 74 P.2d 990, 992 (1938) (citations omitted). Without dealing directly with this problem of theory, the majority has concluded that the trustee, in marshalling ECI’s assets, may maintain an alter ego action against the member-owners.
Despite the rather basic conceptual problems, policy considerations favoring vesting the action in the trustee encourage a sufficiently broad construction of section 541 to empower the trustee to bring an alter ego *1355 action. There seems to be enough authority to support this construction, and I therefore join the majority on this point.
I do not, however, agree that the oil companies fail to meet the constitutional requirements for standing. It seems to me that the filing of suit by the trustee to set aside preferential transfers to the oil companies creates an injury that is sufficiently “distinct and palpable” and “fairly traceable” to the named defendants. Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1954). The oil companies have brought this suit as a defense to the trustee’s preference actions. A trustee may recover preferential transfers only if the debtor was actually insolvent when it filed for bankruptcy. In this alter ego suit, the oil companies sought an order declaring, among other things, that ECI was solvent, which would thereby preclude the trustee’s preference actions. In addition, if the trustee’s suits are successful, the oil companies will become creditors with a clear interest in maximizing the assets available to them in a distribution. In effect, the allowed misuse of the corporate form by the owner-members has defrauded ECI’s creditors.
I therefore concur in the result reached by the majority on statutory grounds, but would not find this lawsuit to be barred by the Constitution.